IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY C. RICHARDS and GREGORY DAVID FRANCESCO GIORGI,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BANK OF AMERICA, N.A.; CAL-WESTERN RECONVEYANCE CORPORATION; and SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR MARIN COUNTY,<br><br>　　　　Defendants.<br>_____/ | No. C 10-01163 CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO EXCEED PAGE LIMITS, GRANTING DEFENDANT CAL-WESTERN RECONVEYANCE CORPORATION'S MOTION TO DISMISS AND DISMISSING PLAINTIFFS' CLAIMS AGAINST ALL DEFENDANTS<br>(Docket No. 14 and 26) |

　　　Plaintiffs Mary C. Richards and Gregory David Francesco Giorgi, who are proceeding pro se, bring claims against Defendants Bank of America, N.A.; Cal-Western Reconveyance Corporation and the Superior Court of the State of California in and for Marin County arising from the foreclosure sale of property.  Proofs of service have not been filed with regard to Defendants Bank of America and the Superior Court and they have not appeared in this action.

Defendant Cal-Western moves to dismiss Plaintiffs' complaint. Plaintiffs oppose the motion and move for leave to file their opposition brief, which exceeds the page limit set forth by Civil L.R. 7-4(b). The motions were taken under submission on the papers. Having considered the papers submitted by the parties, the Court GRANTS Plaintiffs' motion for leave to file an over-length opposition brief and GRANTS Cal-Western's Motion to Dismiss. Plaintiffs' claims against Cal-Western, Bank of America and the Superior Court are dismissed with prejudice.

## BACKGROUND

Richards and Giorgi, who are California residents, are mother and son.

On March 14, 2005, Richards obtained a loan for $322,000.00, secured by property located at 126 Stadium Avenue in Mill Valley, California. Cal-Western's Request for Judicial Notice (RJN),[1] Ex. 1 at 1. The Deed of Trust named non-party E-Loan, Inc. as "Lender" and non-party Lenders First Choice as "Trustee." Id. at 1-2. Mortgage Electronic Registration Systems, Inc. (MERS) was named as beneficiary. Id. at 2.

In a notice dated December 9, 2009, MERS stated that it had substituted Cal-Western as trustee on the Deed of Trust. RJN, Ex. 3 at 1. In another notice dated the same day, MERS indicated it assigned the Deed of Trust to Wells Fargo Bank. RJN, Ex. 4 at 1.

---

[1] Cal-Western asks the Court to take judicial notice of documents recorded in the Official Records of the County of Marin. Plaintiffs do not oppose this request. Because these documents contain facts not subject to reasonable dispute and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," the Court GRANTS Cal-Western's request. Fed. R. Enid. 201(b).

On December 12, 2008, Cal-Western filed a notice of default, stating that Richards had failed to pay her September 1, 2008 monthly payment and all subsequent obligations. RJN, Ex. 2 at 2. As of the date of the notice, $7,588.08 was past due on Richards's loan. Id. at 1.

On or around March 13, 2009, Cal-Western recorded a notice of trustee's sale, stating that, unless Richards satisfied her obligations, the Stadium Avenue property would be sold. RJN, Ex. 5 at 1. At a public auction held on July 1, 2009, Defendant Bank of America purchased the property for $323,768.58. RJN, Ex. 6.

Plaintiffs filed their complaint on February 12, 2010 in the District Court for the District of Columbia. They plead causes of action for quiet title, slander of title and fraudulent conversion.[2] On February 25, 2010, the District of Columbia district court transferred the case to this district.

The current action is related to four others Plaintiffs either filed in or removed to this judicial district. On March 26, 2009, Plaintiffs brought causes of action for quiet title, "Abuse of process, fraudulent conversion" and "Violation of The Fair Debt Collection Practices Act" against Wells Fargo and Cal-Western. Complaint at 19, 43, 45, Giorgi v. Wells Fargo Bank, No. 09-1335 CW (N.D. Cal.). Because Plaintiffs failed to appear at September 29, 2009 case management conference, the Court dismissed the action without prejudice for failure to prosecute.

On December 31, 2009, Giorgi asserted causes of action for

---

[2] Plaintiffs' complaint combines slander of title and fraudulent conversion as one cause of action. However, because these are distinct torts, the Court considers them separately.

quiet title and "Slander of Title, fraudulent conversion" against Bank of America, Cal-Western and the Superior Court. Complaint at 27 and 58, Giorgi v. Bank of Am., No. 09-6112 CW (N.D. Cal.). The complaint in the 09-6112 action was similar, if not identical, to the current complaint. Giorgi applied to proceed IFP and was allowed to do so. The Court found his complaint frivolous and dismissed it without prejudice to refiling after payment of the filing fee. See 28 U.S.C. § 1915(e)(2)(B).

On March 12, 2010, Richards and Giorgi filed a notice of removal concerning Bank of America's unlawful detainer action against Richards, brought in Marin County Superior Court. See generally Bank of Am. v. Richards, No. 10-1062 CW (N.D. Cal.). Because subject matter jurisdiction was lacking, the Court sua sponte remanded the action to state court.

Finally, on March 17, 2010, Giorgi brought claims against the Honorable Verna Adams, the Marin County Superior Court and its clerk and the Marin County Sheriff. See generally Francesco v. Adams, No. 09-1335 CW (N.D. Cal.). This complaint was deemed related to the above-mentioned removed unlawful detainer action. Because Giorgi did not respond to the defendants' motions to dismiss, the Court dismissed the action for failure to prosecute.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

## DISCUSSION

The gravamen of Plaintiffs' complaint is that the foreclosure sale and purchase by Bank of America of the Stadium Avenue property were unlawful because the original promissory note for Richards's loan was not produced. They also assert that the foreclosure sale was improper because a court had not authorized it. As noted above, they seek to quiet title and plead claims for slander of title and fraudulent conversion.

As an initial matter, Plaintiffs may not seek to set aside the foreclosure sale. A plaintiff seeking to set aside a foreclosure sale must first allege tender of the amount of the secured indebtedness. Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996) (citing FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018, 1021-22 (1989)); Smith v. Wachovia, 2009 WL 1948829, at *3 (N.D. Cal.). Without pleading tender or the ability to offer tender, a plaintiff cannot state a cause of action to set aside a foreclosure sale. Karlsen v. Am. Savings & Loan Ass'n, 15 Cal. App. 3d 112, 117 (1971) (citing Copsey v. Sacramento Bank, 133 Cal. 659, 662 (1901)); Smith, 2009 WL 1948829, at *3

(citing Karlsen).

Plaintiffs have not alleged facts that warrant setting aside the foreclosure sale. Even if they had, Plaintiffs do not allege tender or the current ability to offer tender.[3] Consequently, Plaintiffs offer no basis on which the foreclosure sale could be set aside.

I.  Quiet Title

To state a claim for quiet title under California law, a plaintiff's complaint must contain: (1) a description of the property; (2) the title of the plaintiff and its basis; (3) the adverse claims to that title; (4) the date as of which the determination is sought; and (5) a prayer for relief of quiet title. Cal. Civ. Proc. Code § 761.020.

Plaintiffs do not allege that Cal-Western has asserted any adverse claim to title in the Stadium Avenue property. Indeed, it appears that Cal-Western's role with regard to the property was limited to the actions it undertook as trustee on the Deed of Trust.

Even if Cal-Western asserted a claim against the property, Plaintiffs have failed to plead facts that tend to show that they have a colorable claim to the property. Plaintiffs appear to assert that they still hold title because no party ever presented them with the original promissory note. As a result, they argue, the foreclosure sale was improper. However, in California, there

---

[3] Plaintiffs allege in their complaint that Giorgi "offered to pay the entire debt in full if the Defendant, BANK OF AMERICA, NA, would validate the debt and produce the original note . . . ." Compl. ¶ 74. However, Bank of America purchased the property at the foreclosure sale and did not have an interest in Richards's loan.

1 is no requirement that a trustee produce the original promissory
2 note prior to a non-judicial foreclosure sale.  See, e.g., Pantoja
3 v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1186 (N.D.
4 Cal. 2009); Smith v. Wachovia, 2009 WL 1948829, at *3 (N.D. Cal.);
5 Neal v. Juarez, 2007 WL 2140640, *8 (S.D. Cal.).  California Civil
6 Code sections 2924 through 2924k "provide a comprehensive framework
7 for the regulation of a non-judicial foreclosure sale pursuant to a
8 power of sale contained in a deed of trust."  Knapp v. Doherty, 123
9 Cal. App. 4th 76, 86 (2004) (quoting Moeller v. Lien, 25 Cal. App.
10 4th 822, 830 (1994)).  Knapp explains the non-judicial foreclosure
11 process as follows:

> Upon default by the trustor [under a deed of trust containing a power of sale], the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale.  The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee.  After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale.  After the 3-month period has elapsed, a notice of sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale.

18 Knapp, 123 Cal. App. 4th at 86 (citation omitted).  "A properly
19 conducted nonjudicial foreclosure sale constitutes a final
20 adjudication of the rights of the borrower and lender."  Id. at 87.
21 Plaintiffs have not alleged actionable irregularities in the non-
22 judicial foreclosure sale.  Thus, it appears that the July, 2009
23 sale resolved ownership rights to the property.
24      Plaintiffs have not alleged that Cal-Western has asserted a
25 claim to the property, nor have they have alleged facts tending to
26 show that they have a colorable claim of title.  Accordingly,
27 because Plaintiffs' allegations are nearly identical to those
28 contained in a complaint already dismissed by the Court and because

any amendment would be futile, Plaintiffs' quiet title action against Cal-Western is dismissed with prejudice.

## II. Slander of Title

The elements of a claim for slander of title under California law are (1) publication, (2) falsity, (3) absence of privilege and (4) "'disparagement of another's land which is relied upon by a third party and which results in a pecuniary loss.'" Smith v. Commonwealth Land Title Ins. Co., 177 Cal. App. 3d 625, 630 (1986) (quoting Appel v. Burman, 159 Cal. App. 3d 1209, 1214 (1984)). "A privilege, either absolute or qualified, is a defense to a charge of slander of title." Id.

Plaintiffs appear to allege that Cal-Western slandered the title to the Stadium Avenue property by recording notices and performing procedures related to the non-judicial foreclosure process. However, any notice or communication that issued in the course of performing duties related to the non-judicial foreclosure sale is privileged and not actionable. Cal. Civ. Code § 2924(d).

Accordingly, because their allegations are nearly identical to those contained in a complaint already dismissed by the Court and because amendment would be futile, Plaintiffs' slander of title claim against Cal-Western is dismissed with prejudice.

## III. Fraudulent Conversion

Plaintiffs allege a claim for fraudulent conversion of the Stadium Avenue property. However, the tort of conversion applies to personal property, not real property. Salma v. Capon, 161 Cal. App. 4th 1275, 1295 (2008). Because amendment would be futile, Plaintiffs' claim against Cal-Western for fraudulent conversion is dismissed with prejudice.

IV. Dismissal of Claims Against Bank of America and the Superior Court

As noted above, Plaintiffs' complaint in this action is similar, if not identical, to the pleading in <u>Giorgi v. Bank of America</u>, No. 09-6112 CW, which the Court dismissed as legally frivolous. Thus, Giorgi is on notice that the allegations against Bank of America and the Superior Court are not sufficient to state the claims plead.

Plaintiffs do not appear to have served Bank of America or the Superior Court, and neither Defendant has appeared in this action. However, because Plaintiffs have made no apparent effort to address the deficiencies in their complaint and because the conclusions above apply with equal force as to these Defendants, the Court dismisses Plaintiffs' claims against Bank of America and the Superior Court with prejudice. <u>See</u> <u>Abagninin v. AMVAC Chem. Corp.</u>, 545 F.3d 733, 743 (9th Cir. 2008).

Further, the Superior Court is immune from Plaintiffs' suit. <u>See</u> <u>Regan v. Price</u>, 131 Cal. App. 4th 1491, 1495-96 (2005). Plaintiffs' complaint evinces no suggestion that any judicial officer took action outside of a judicial capacity or in the complete absence of all jurisdiction, which would be necessary to vitiate immunity. <u>Id.</u> at 1496. Thus, for this independent reason, Plaintiffs' claims against the Superior Court are dismissed with prejudice. <u>See, e.g.</u>, <u>Omar v. Sea-Land Svc., Inc.</u>, 816 F.2d 986, 991 (9th Cir. 1987) (affirming <u>sua sponte</u> dismissal "without notice where the claimant cannot possibly win relief").

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion

for leave to file an over-length opposition brief (Docket No. 26) and GRANTS Cal-Western's Motion to Dismiss (Docket No. 14). Plaintiffs' claims against Cal-Western, Bank of America and the Superior Court are dismissed with prejudice.

The Clerk shall enter judgment and close the file. The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: August 13, 2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY C. RICHARDS and GREGORY DAVID FRANCESCO GIORGI,<br><br>        Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA N.A., et al.,<br><br>        Defendants.                              / | Case Number: CV10-01163 CW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 13, 2010, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the persons hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy into an inter-office delivery receptacle located in the Clerk's office.


GREGORY DAVID FRANCESCO GIORGI
126 Stadium Avenue
Mill Valley,  CA 94941

Mary C. Richards
126 Stadium Avenue
Mill Valley,  CA 94941

Dated: August 13, 2010

                                        Richard W. Wieking, Clerk
                                        By: MP, Deputy Clerk